**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Evolution Nutraceuticals Incorporated, | No. CV-25-00461-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| ThermoLife International LLC, | |
| Defendant. | |

Plaintiff Evolution Nutraceuticals Incorporated ("Plaintiff") has filed an Emergency Motion for a Protective Order to protect two of its witnesses from answering questions outside the scope of their declarations during upcoming[1] depositions. (Doc. 34).[2] Defendant ThermoLife International LLC ("Defendant") has filed a Response in opposition (Doc. 36) and Plaintiff has filed a Reply (Doc. 38) as well as a Supplemental Addendum to its Reply (Doc. 39). The Court will deny Plaintiff's Motion.

---

[1] The dates for these depositions—June 12 and 13, 2025—have now passed.

[2] This motion details a discovery dispute between the parties. In the future, and to timely address these issues, if a discovery dispute arises and cannot be resolved despite **sincere efforts** to resolve the matter through personal consultation (in person or by telephone), the parties shall **jointly file** (1) a brief written summary of the dispute, not to exceed two pages, with explanation of the position taken by each party and (2) a joint written certification that the counsel or the parties have attempted to resolve the matter through personal consultation and sincere effort as required by LRCiv 7.2(j) and have reached an impasse. If the opposing party has refused to personally consult, the party seeking relief shall describe the efforts made to obtain personal consultation. Upon review of the filed written summary of the dispute, the Court may set an in-court hearing or telephonic conference, order written briefing, or decide the dispute without conference or briefing. If the Court desires supplemental briefing prior to a hearing, counsel will be notified by order of the Court. Any briefing ordered by the Court shall comply with LRCiv 7.2(j).

## I.     Background

Two of Plaintiff's employees, Bruce Haglund and Stanford Graham, submitted declarations in support of Plaintiff's Preliminary Injunction Motion. (*See* Doc. 20-2; Doc. 20-4). Defendant seeks to depose these employees prior to responding to the Preliminary Injunction Motion. This dispute arises out of the scheduling of these depositions.

For its part, Plaintiff states that Defendant delayed in proposing exact dates for the depositions and has refused (1) to consider anything other than in-person depositions; (2) to confine the scope of the Deposition Notice to the four corners of the witnesses' respective Declarations; and (3) to timely provide its Rule 26(a) Initial Disclosures.[3] (Doc. 34 at 5–9). In its Motion, Plaintiff asks the Court to (1) limit Defendant's examination of its employees to the contents of each respective declarant's declaration; and (2) require that Defendant take these depositions remotely via Microsoft Teams, Zoom or other comparative method. (Doc. 34 at 15).

## II.    Discussion

Rule 26(b)(1) of the Federal Rule of Civil Procedure ("FRCP") states that parties:

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Furthermore, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "The Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Whether discoverable evidence is relevant is a low bar. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (defining relevance in the context of discovery to include "any matter that bears on, or that

---

[3] All references to "Rules" herein are in reference to the Federal Rules of Civil Procedure, unless stated otherwise.

1  reasonably could lead to other matter that could bear on, any issue that is or may be in the
2  case"). For this reason, the Court should "interpret 'relevant' very broadly to mean matter
3  that is relevant to anything that is or may become an issue in the litigation." *Id*. at 351 n. 12.
4  However, "[a] party or any person from whom discovery is sought may move for a
5  protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1). Such
6  protective orders may be sought for a host of different reasons, including "protect[ing] a
7  party or person from annoyance, embarrassment, oppression, or undue burden or expense."
8  *Id*. A protective order may be issued only for "good cause." *Id*. at 26(c)(1)(A). "For good
9  cause to exist, the party seeking a protective order must show specific prejudice or harm
10 will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. General
11 Motors Corp*., 307 F.3d 1206, 1210–11 (9th Cir. 2002). "Broad allegations of harm,
12 unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c)
13 test." *Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992). Rather, the
14 party seeking protection must make a "particularized showing of good cause with respect
15 to" the relevant discovery. *Hodge v. Shulkin*, 2018 WL 11337163, *1 (D. Ariz. Oct. 18,
16 2018).
17 Plaintiff seeks a protective order because "counsel for Defendant has been
18 intentionally vague regarding the scope of the depositions, and almost certainly intends to
19 engage in questioning well outside the scope of the Declarations." (Doc. 34 at 11). To
20 support this contention, Plaintiff notes that (1) "Defendant avoided including any
21 deposition topics within its Notices of Deposition or its Amended Notices of Deposition[;]"
22 (2) "counsel for Defendant stated in the Amended Notices that the depositions would last
23 not only seven hours, but 'from day to day, excluding Saturdays, Sundays, and legal
24 holidays, until completed[;]' " (3) "despite the Court's Order limiting the scope and nature
25 of the depositions to Declarations in support of a Motion for Preliminary Injunction,
26 counsel for Defendant stated in the Amended Notices that the 'deposition will be taken for
27 purposes of discovery, for use at trial or any hearing in this matter, and for any other
28 purpose permitted by the Federal Rules of Civil Procedure[;]' " and (4) "Defendant failed

to provide its Initial Disclosures until just yesterday (the day before this Motion); its Disclosures list both Declarants as persons of interest for subject matter well beyond the scope of either their Declarations or the Motion for Preliminary Injunction, further indicating its intent to widen the scope of the current depositions." (*Id*. at 11–12).

Plaintiff first argues that the Court limited the scope and nature of the depositions to the witnesses' Declarations in support of the Motion for Preliminary Injunction when it approved the parties' Stipulation for Extension of Time to File a Response to Plaintiff's Motion for Preliminary Injunction and Joint Motion to Modify the Case Schedule. (Doc. 34 at 2 citing Doc. 23). Not so. That Order simply states that "Evolution's declarants supporting Evolution's Motion for Preliminary Injunction shall be available to be deposed for up to 7 hours each and the parties shall use reasonable efforts to schedule the depositions either in person or remotely in order to complete the depositions timely." (*Id*. at ¶ 6). Contrary to Plaintiff's contention, the Order does not limit the scope and nature of the depositions to the employees' declarations. Rule 26 certainly does not limit Defendant's examination either.

Indeed, as noted by Defendant, Rule 32 controls how these depositions may be used. (Doc. 36 at 12).

Rule 32 details, in pertinent part, that:

> At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
>
>> (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
>>
>> (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>>
>> (C) the use is allowed by Rule 32(a)(2) through (8).

Fed. R. Civ. P. 30(a)(1). Rule 30(b)(1) provides that:

> [a] party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the

person belongs.

Fed. R. Civ. P. 30(b)(1). In contrast, Rule 30(b)(6) provides that:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and ***must describe with reasonable particularity the matters for examination***. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization ***must confer in good faith about the matters for examination***. A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. P. 30(b)(6) (emphasis added).

The Court finds that Mr. Haglund and Mr. Graham are Rule 30(b)(1) fact witnesses, not Rule 30(b)(6) designees of Plaintiff. *See* Fed. R. Civ. P. 30(b)(6). Thus, Defendant is under no obligation to provide advance notice of subjects or areas of examination. *See Hi Q, Inc. v. Zeetogroup, LLC*, 2023 WL 4096224, at *4 (S.D. Cal. June 20, 2023) ("A deposition under Rule 30(b)(1) probes the witness's personal knowledge and recollection and does not require the noticing party to specify or limit the subjects for examination in advance."). This is "because 'I don't know' and 'I don't recall' are acceptable responses (if true)" of fact witnesses. *Id.* (citing *Pres. Techs. LLC v. Mindgeek USA, Inc*., 2020 WL 10965164, at *2 (C.D. Cal. Nov. 12, 2020) (distinguishing Rule 30(b)(1) from Rule 30(b)(6) in that a deponent may "refuse to testify on the ground of lack of personal knowledge" and the testimony "will likely not bind the employer")).[4]

Plaintiff has failed to show good cause for this Court to enter a protective order. Plaintiff has not demonstrated any specific prejudice or harm which will result if Defendant

---

[4] Of course, absent Court Order stating otherwise, depositions are limited to seven hours each under Rule 30(d). Defendant may prioritize this time as it best sees fit but will not be allowed to continue these depositions without a showing of good cause.

is allowed—as it is under the rules of discovery—to question the declarants on the issues relevant to this case. Notably, many of Plaintiff's concerns related to the Defendant's inflexibility surrounding the scheduling of these deponents seem unfounded. For example, Defendant states that it has no issue with Plaintiff's counsel defending the depositions remotely; Defendant also notes that it originally noticed the depositions to occur in Utah to accommodate the witnesses. (Doc. 36 at 14–15). Plaintiff ultimately rejected these offers and instead filed its Motion for a Protective Order. But the Court finds that Defendant appears to be taking convenience and resources into proper consideration when noticing the depositions, and more to the point, Plaintiff has simply failed to establish any prejudice to the deponents warranting a protective order. *See Phillips*, 307 F.3d at 1210–11*; see also Cont'l Cas. Co. v. Platinum Training LLC*, 2020 WL 9554460, at *2 (D. Ariz. May 28, 2020) (citing Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("[A] showing that discovery may involve some inconvenience and expense generally does not suffice to establish good cause for a stay, protective order, or continuance of case management deadlines.")).[5]  Accordingly,

**IT IS ORDERED** that Plaintiff's Emergency Motion for a Protective Order (Doc. 34) is **DENIED**.

Dated this 16th day of June, 2025.

Honorable Diane J. Humetewa
United States District Judge

---

[5] The Court is bothered by Plaintiff's unilateral cancelation of Mr. Haglund's properly noticed June 12, 2025, deposition. Defendant says that on June 12, 2025, its counsel traveled to Phoenix, Arizona, for Mr. Haglund's deposition. Counsel had booked a court reporter and videographer in preparation for the deposition. Nonetheless, at 9:29 AM that morning, counsel for Plaintiff cancelled the deposition via email, stating "in the absence of a ruling from the judge [on its pending Motion for a Protective Order], we cannot in good conscience move forward with the depositions and produce our witnesses." (Doc. 40 at 3). Plaintiff does not deny these allegations and admits that it cancelled the depositions because the Court had not yet ruled on its Motion. (*Id.* at 6). **The Court admonishes Plaintiff's counsel for this apparent gamesmanship and warns him that any similar conduct will result in sanctions—especially where it financially impacts opposing parties or others.** *See* **Fed. R. Civ. P. 11(c).**