Gregory K. Sobolski (admitted *pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
650 California Street, Suite 2400
San Francisco, CA 94108
Telephone: 415-796-4400
gsobolski@cgsh.com

Sami Al-Marzoog (admitted *pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: 202-974-1500
salmarzoog@cgsh.com

Tyler R. Bowen (#025376)
ASHURST PERKINS COIE US LLP
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Telephone: 602-351-8000
Tyler.Bowen@ashurstperkins.com
DocketPHX@perkinscoie.com

Andrew P. DeMarco (admitted *pro hac vice*)
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: 610-457-9301
ademarco@devlinlawfirm.com

*Attorneys for Defendant*
*ThermoLife International, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Evolution Nutraceuticals, Inc. d/b/a Cardio Miracle,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>ThermoLife International, LLC,<br><br>Defendant/Counter-Plaintiff. | No. 2:25-cv-00461-DJH<br><br>**JOINT DISCOVERY DISPUTE SUBMISSION: DISCOVERY STAY** |

Pursuant to the Court's Rule 16 Scheduling Order (Dkt. 101), Defendant/Counter-Plaintiff ThermoLife International, LLC ("ThermoLife" or "TL") and Plaintiff/Counter-Defendant Evolution Nutraceuticals, Inc. d/b/a Cardio Miracle ("Cardio Miracle" or "CM") submit this Joint Discovery Dispute Submission to resolve a dispute regarding a temporary discovery stay until the Court issues a claim construction order.

**ThermoLife's Position.** TL requests a mutual stay of discovery until the Court issues a claim construction order, which may resolve the case entirely. Since new counsel appeared on July 27, CM has served a staggering ***355*** requests, compared with 8 served under prior counsel. CM has also ***twice*** subpoenaed TL's counsel of record, in addition to at least two other third-party subpoenas. And CM is sending a barrage of threatening letters. This case has one patent, two asserted claims, and one accused product that CM says has limited sales. Having not obtained a preliminary injunction, CM is misusing discovery to needlessly raise costs. These are tactics like those CM deployed during its preliminary injunction proceedings. Moreover, CM recently argued for the first time that a subset of the discovery is about claim construction—while at the same time confirming it can access claim construction briefing, orders, and related materials on public dockets. There is no prejudice: the Scheduling Order did not adopt any discovery cutoff or expert deadlines. Dkts. 100, 101. A claim construction order will greatly streamline the case. Once it issues, the parties will propose a schedule. Until then, CM should respect party and judicial resources.

**Cardio Miracle's Position.** TL's request for a stay concerns the case schedule, not discovery, and should follow normal motion procedures. This case involves more than two patent claims. CM brings claims for consumer fraud, trade libel, false product disparagement, and tortious interference. A Markman order will not likely resolve the patent claims, and will not resolve the case. Although TL complains about CM's discovery, CM has not exceeded the parties' agreed limits, and TL has served 265 requests. CM's requests are narrowly tailored to the claims and defenses at issue. Yet after a year of discovery TL has produced only 84 documents. A stay allowing TL to withhold nonpublic documents and information relevant to claim construction prejudices CM during claim construction proceedings. A stay also inhibits settlement by depriving CM of information necessary to evaluate the parties' litigation risks. TL's characterization ignores the unresolved merits, liability, and damages issues that discovery is designed to illuminate. TL's proper remedy is to address any objectionable requests individually, not obtain a wholesale stay that prejudices CM and unnecessarily delays this case after claim construction.

Dated: October 30, 2026

Respectfully submitted,

*/s/ Chad E. Nydegger (with consent)*

Kenneth J. Dyer (*Pro Hac Vice*)
kdyer@wnlaw.com
Chad E. Nydegger (*Pro Hac Vice*)
cnydegger@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Wendy K. Akbar (AZ Bar #025340)
Email: wakbar@venjuris.com
Joseph R. Meaney (AZ Bar #017371)
Email: jmeaney@venjuris.com
**VENJURIS, P.C.**
1938 East Osborn Road
Phoenix, Arizona 85016
Telephone: 602-631-9100

*Attorneys for Plaintiff*
*Evolution Nutraceuticals, Inc. d/b/a*
*Cardio Miracle*

*/s/ Gregory K. Sobolski*

Gregory K. Sobolski (admitted *pro hac vice*)
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
650 California Street, Suite 2400
San Francisco, CA 94108
Telephone: 415-796-4400
gsobolski@cgsh.com

Sami Al-Marzoog (admitted *pro hac vice*)
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: 202-974-1500
salmarzoog@cgsh.com

Tyler R. Bowen (#025376)
ASHURST PERKINS COIE US LLP
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Telephone: 602-351-8000
Tyler.Bowen@ashurstperkins.com
DocketPHX@perkinscoie.com

Andrew P. DeMarco (admitted *pro hac vice*)
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: 610-457-9301
ademarco@devlinlawfirm.com

*Attorneys for Defendant*
*ThermoLife International, LLC*

**CERTIFICATION OF CONFERRAL**

Pursuant to L.R. Civ. 7.2(j) and the Court's Rule 16 Scheduling Order (Dkt. 101), the undersigned certifies that counsel representing Defendant/Counter-Plaintiff ThermoLife International, LLC and counsel for Plaintiff/Counter-Defendant Evolution Nutraceuticals, Inc. d/b/a Cardio Miracle met and conferred by telephone on October 27, 2026, and exchanged extensive e-mail correspondence, on the issues raised in this submission. The parties were unable to resolve the issues.

Respectfully submitted,

*/s/ Chad E. Nydegger (with consent)*

*/s/ Gregory K. Sobolski*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2026, a copy of the foregoing was filed electronically using the Clerk of Court's CM/ECF system, which will provide notice to all counsel of record.

*/s/ Gregory K. Sobolski*
Gregory K. Sobolski