**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Evolution Nutraceuticals Incorporated,<br>Plaintiff,<br>v.<br>ThermoLife International LLC,<br>Defendant. | No. CV-25-00461-PHX-DJH<br>**ORDER** |

On October 30, 2026, Plaintiff Evolution Nutraceuticals Inc. ("Plaintiff") and Defendant ThermoLife International LLC ("Defendant") filed a Joint Discovery Dispute (Doc. 116), concerning the parties' disagreement as to whether a stay of discovery is warranted. (*Id.* at 3). In the Discovery Dispute, Defendant requests a stay of discovery until the Court issues a claim construction order, arguing that the claim construction order will streamline the case. (*Id.*) Meanwhile, Plaintiff opposes a stay, claiming that a stay of discovery will prejudice its ability to present its positions at the claim construction hearing. (*Id.*) Although the parties' contentions are brief and lacking in detail, the Court is inclined to issue a stay of discovery as to all discovery efforts not directly related to the claim construction hearing. Before so ruling, there are several pertinent points to address.

First, Plaintiff inaccurately asserts that it is currently bringing "claims for consumer fraud, trade libel, false product disparagement, and tortious interference." (*Id.*) On February 13, 2026, the Court issued an Order dismissing Plaintiff's Arizona Consumer Fraud Act with prejudice as well as its trade libel and Lanham Act claims without prejudice.

(Doc. 86 at 7–14). Plaintiff's remaining claims are declaratory judgment of non-infringement of the '531 Patent, declaratory judgment of invalidity of the '531 Patent, tortious interference, and bad faith infringement under the Arizona Patent Troll Prevention Act. The Court is aware that Plaintiff's counsel is relatively new to the case, but they are expected to be up-to-speed on what has already transpired in this matter.

Next, the Court notes that the parties conducted significant discovery following Plaintiff's initial Motion for Preliminary Injunction (Doc. 20). (*See* Doc. 78 (acknowledging the parties' substantial discovery efforts)). Indeed, the parties conducted enough discovery that Plaintiff and Defendant were fully able to argue the likelihood of success on the merits as to Plaintiff's noninfringement and invalidity claims in the renewed Preliminary Injunction briefing. (*See* Docs. 83, 84, 85). What further discovery is still outstanding on the '531 Patent's validity and its infringement or noninfringement is not evident and is not identified with any specificity in Plaintiff's position statement.

Further, the Court, in its Rule 16 Scheduling Order informed the parties that following its claim construction order they will submit their proposed dates for remaining deadlines. (Doc. 101 at 3). As the Court's current Rule 16 Order is focused solely on the claim construction hearing, the parties' efforts should be likewise focused on this hearing. Any discovery-related issues that remain after the claim construction orders can be addressed at that time, as stated by the Court.

With the foregoing points in mind, the Court finds a limited stay of discovery is warranted here to promote judicial economy and preserve the parties and the Court's resources. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The parties represent that Plaintiff has served 355 discovery requests and Defendant has served 265. (Doc. 116 at 3). Yet, how many of these requests remain outstanding is not stated, and which of these requests are relevant for the purposes of the *Markman* hearing is, likewise, not clear. The only information the Court has is Plaintiff's broad contention that it will be prejudiced by Defendant's withholding of documents relevant to claim construction and Defendant's objection that Plaintiff's purported need for a subset of the discovery concerned claim

construction are newly raised and unmeritorious as many of the requested materials are accessible on public dockets. (*Id.*)

The Court cannot resolve such an amorphous dispute. Therefore, while all discovery not relevant to the *Markman* hearing will be stayed, the Court will order the parties to meet and confer as to any outstanding discovery that is essential to effectively litigate the *Markman* hearing. To the extent that the parties can agree as to discovery to be provided, such discovery should be promptly supplied. And if the parties cannot agree as to what outstanding discovery is necessary, then they may file a subsequent notice of discovery dispute, detailing the specific discovery sought and any objection to its production. The parties are forewarned that the Court will not appreciate an additional discovery dispute, occupying its limited time, that is not reflective of *considerable*, *sincere* efforts by the parties to resolve their points of contention.

**IT IS ORDERED** that discovery in this matter that is unrelated to claim construction and the Makrman hearing is **stayed** until further order by the Court.

**IT IS FURTHER ORDERED** that the parties shall meet and confer **within seven (7) days of this Order** as to any outstanding discovery that is crucial to receive in advance of the *Markman* hearing.

Dated this 3rd day of November, 2026.

Honorable Diane J. Humetewa
United States District Judge